IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE RANDALL GARRISON,**

      **Plaintiff,**

      v.                                                           CASE NO. 24-3207-JWL

**PAT KITCHENS, Chief of Police,**
**Leavenworth Police Department, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joe Randall Garrison is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.[1] At the time of filing, Plaintiff was in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis, and assessed an initial partial filing fee in the amount of $3.00. The initial fee was due by December 5, 2024, and has not been paid.

Plaintiff alleges that shortly after he was placed in custody at the LCJ he became aware that his 2004 Black Ford Fusion SE was stolen from his residence within the city limits of Leavenworth, Kansas. (Doc. 1, at 2.) Plaintiff reached out to staff at the LCJ and was instructed

---

[1] On the same day that Plaintiff filed the instant action he also filed a state court action based on these same claims. *See Garrison v. Kitchens*, Case No. 2024-CV-000312 (filed November 19, 2024) (District Court of Leavenworth County, Kansas). The state court action remains pending.

to submit a request to the Leavenworth Police Department ("LPD") through the HomeWav Kiosk. *Id*. Plaintiff was told that the request would be forwarded to the LPD for follow up and to file a police report. *Id*. at 3.

Plaintiff alleges that he submitted the request to file a police report on June 20, 2024, and it was viewed and forwarded to the LPD "with no response." *Id*. Plaintiff made another request on June 23, 2024, through the HomeWav Kiosk and it was forwarded to the LPD on June 26, 2024. *Id*. Plaintiff alleges that he received no response from Defendants. He made an additional request on October 13, 2024, and again received no response. *Id*.

Plaintiff alleges that he was deprived of his property without due process. *Id*. Plaintiff also claims that he was discriminated against based on his status as an inmate at the LCJ. *Id*. Plaintiff also alleges cruel and unusual punishment, arguing that hindering his ability to file a police report caused him to suffer "severe anxiety, depression, mental anguish, resulting in the inability to provide transportation for his family to and from school and work." *Id*.

Plaintiff names as defendants: Pat Kitchens, Chief of Police, LPD; and the LPD. Plaintiff's request for relief seeks a preliminary and permanent injunction ordering Chief of Police Pat Kitchens and the LPD to start allowing LCJ inmates to file police reports while in custody. *Id*. at 6. Plaintiff also seeks compensatory and punitive damages in the amount of $40,000, and a declaratory judgment in the amount of $15,000. *Id*.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

Plaintiff alleges that he was deprived of his property without due process. "[A] prisoner has no due process right to file a police report, or have prison officials file a police report on his behalf." *Ybarra v. Hayden*, 2018 WL 2086710, at *2 (N.D. Ind. 2018) (citations omitted); *see also Yhwhnewbn v. Leak*, 2012 WL 3061848, at *1 (N.D. Ill. 2012) ("However, the Constitution does not require defendants to comply with police department rules or procedures, give plaintiff an enforceable interest in Shannon's arrest or the accuracy of police reports or vest her with the right to obtain a police report.") (citations omitted); *see also Foley v. Village of Weston*, 2007

4

WL 314465, at *3 (W.D. Wisc. 2007) (stating that "persons who are not the subject of criminal prosecution have no corollary constitutional right to obtain police reports . . . [a]lthough the information may be accessible through state open records requests or other means, its release is not guaranteed by the Constitution"); *Price v. Doe*, 2019 WL 5538113, at *3 (E.D. Mich. 2019) ("A civil rights plaintiff, however, has no constitutional right to obtain a police report.").

In *Miller v. Kohls*, the pro se prisoner alleged that while he was incarcerated at the jail, he was denied the opportunity to file a police report regarding a theft that occurred at his residence. *Miller v. Kohls*, 2016 WL 51109, at *1 (N.D. Ind. 2016). The court in *Miller* held that "individuals have no constitutional right to a police report for illegal conduct that has already transpired . . . [i]t has been long held that a private citizen lacks a cognizable interest in filing a police report." *Id*. at *2 (citations omitted).

In *Edris v. City of New York*, plaintiff asserted a § 1983 claim based on defendants' failure to investigate assaults on the plaintiff and thefts of his belongings. *Edris v. City of New York*, 2023 WL 4019515, at *2 (S.D.N.Y. 2023). The court held that "there is no constitutional right to an adequate investigation." *Id*. (citing *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021); *see Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) ("[W]e have no trouble concluding that plaintiffs do not have a protected property interest in an investigation into their son's death.")).

Plaintiff cites to no authority that would establish he has any constitutional right to file a police report. Furthermore, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due

process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. As noted above, Plaintiff has a pending state court action based on these same claims. Plaintiff should show good cause why his due process claim should not be denied for failure to state a claim.

Plaintiff also claims that he was discriminated against based on his status as an inmate at the LCJ. He argues that he is being treated differently than citizens who are not in custody because they are able to file police reports.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). "An equal protection claim may challenge legislation or the conduct of an individual." *Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021) (citation omitted). The claim "may be asserted with respect to a group or a 'class of one.'" *Id.* (citation omitted). "The former is more common and concerns a 'governmental classification[ ] that affect[s] some groups of citizens differently than others.'" *Id.* (citations omitted).

"To state a viable equal protection claim, Plaintiffs must allege that the Policy purposefully discriminates against them because of their membership in a particular class." *Fowler v. Stitt*, 104 F.4th 770, 783–84 (10th Cir. 2024) (citing *Engquist v. Or. Dep't of Agric.*,

6

553 U.S. 591, 594, 128 S. Ct. 2146, 170 L.Ed.2d 975 (2008); *Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021)). "Plaintiffs must also allege that the Policy fails under the appropriate level of scrutiny." *Id*. at 784 (citing *Ashaheed*, 7 F.4th at 1250). [2]

However, Plaintiff does not point to a policy or legislation and assumes that non-prisoners are able to file police reports while prisoners are not. For support, he merely asserts that he did not receive a response to his inquiries to the LPD. A plaintiff "who alleges [such] an equal protection violation has the burden of providing the existence of purposeful discrimination" causing an adverse effect. *Ashaheed*, 7 F.4th at 1250 (citations omitted). Plaintiff has failed to allege purposeful discrimination and has failed to state a plausible cause of action based on discrimination.

In addition, courts have refused to find an equal protection violation where prisoners argue that they are being treated differently from non-prisoners. In *Scott v. Robertson*, the court held that:

> Where a prisoner alleges that he is being treated differently from non-prisoners, other circuits have found no equal protection claim as there is a "fundamental difference between normal society and prison society," *Glouser v. Parratt*, 605 F.2d 419, 420 (8th Cir. 1979) (citing *Meyers v. Alldredge*, 429 F.2d 296, 310 (3d Cir. 1974)), and rules designed to govern those functioning in a free society cannot be automatically applied to the very different situation presented in a state prison, *id*. (citing *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974), for proposition that full panoply of rights due a defendant in criminal proceedings do not apply to prison disciplinary proceedings). Prisoners and non-prisoners simply are not similarly situated. *Hrbek v. Farrier*, 787 F.2d 414, 417 (8th Cir. 1986).

---

[2] In this case, Plaintiff has not alleged that he is a member of a suspect class or that his claims involve a fundamental right. *See Durham v. Lappin*, 346 F. App'x 330, 333 (10th Cir. 2009) (unpublished) ("Prisoners are not suspect classes.") (citation omitted); *see Holt v. Patty*, 2017 WL 4338315, at 86 (D. Kan. 2017) ("Because neither prisoners nor indigents constitute a suspect class, the challenged policy need only bear a rational relationship to legitimate government ends.") (citation omitted).

*Scott v. Robertson*, 2019 WL 6341589, at *4 (N.D. Cal. 2019); *see also Gardenhire v. Schubert*, 205 F.3d 303, 320 (6th Cir. 2000) (holding that when plaintiffs attempted to make a police report "they were already criminal suspects, putting their comments in the 'suspect making an excuse' category—which police may choose to ignore, *see Criss,* 867 F.2d at 262,—rather than in the 'citizen making a complaint' category"); *Buckman v. Reherman*, 2021 WL 1168697, at *3 (S.D. W. Va. 2021) ("Prisoners are not similarly-situated to non-prisoners . . . [t]herefore, because Buckman is not similarly-situated to non-inmates, there is no equal protection violation based upon any disparity in treatment between the two groups.") (citation omitted).  Plaintiff should show good cause why his equal protection claim should not be dismissed for failure to state a claim.

Plaintiff has also failed to show that the LPD's failure to respond to his inquiry constituted cruel and unusual punishment.  Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff should show good cause why his claim based on cruel and unusual punishment should not be dismissed for failure to state a claim.

Plaintiff names the LPD as a defendant.  However, "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)). This Court has held that municipal police departments are subunits of city government and not legal entities subject to suit. *Roberts v. Unknown Wichita Police Officers*, 2019 WL 1790050, at *2 (D. Kan. April 24, 2019) (citing *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. June

30, 2017) (dismissing Riley County Police Department); *Neighbors v. Lawrence Police Dep't*, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016); *Ward v. Lenexa, Kansas Police Dep't*, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014)); *see also See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("City of Denver Police Department" not "separate suable entity").

## IV. Motions

### 1. Motion to Appoint Counsel (Doc. 3)

Plaintiff has filed a motion seeking appointment of counsel. (Doc. 3.) Plaintiff argues that he is unable to afford counsel, his imprisonment will limit his ability to litigate, the issues are complex and might require significant research and investigation, Plaintiff has limited access to the library and limited knowledge of the law, a trial will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses. (Doc. 3, at 1–2.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

### 2. Motion for Relief (Doc. 5)

Plaintiff has filed a motion for relief, seeking a preliminary and permanent injunction "ordering the defendant Chief of Police Pat Kitchens, and the Leavenworth Police Department that defendant Pat Kitchens is in charge of overseeing to start allowing Pre-Trial Detainees within the Leavenworth County Jail to file police reports while in custody on their stolen property." (Doc. 5, at 1.) Plaintiff also seeks $40,000 in compensatory and punitive damages, and a "declaratory judgment in the amount of $15,000." *Id*. at 1–2. The Court has found that Plaintiff's Complaint is subject to dismissal. Furthermore, Plaintiff is no longer housed at the LCJ and any request for injunctive relief for pretrial detainees housed there is moot. Plaintiff's Motion for Relief is denied.

### 3. Motion for Summary Judgment (Doc. 8)

Plaintiff has filed a motion for summary judgment, arguing that his constitutional rights were violated "beyond a reasonable doubt." (Doc. 8, at 1.) Plaintiff seeks $15,000 in compensatory damages. *Id*. at 4. This case has not passed screening, the Defendants have not been served, and the case is subject to dismissal. Any request for summary judgment is premature and therefore denied.

## V. Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief (Doc. 5) and Motion for Summary Judgment (Doc. 8) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 17, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that the Court extends the deadline for Plaintiff to submit his $3.00 initial partial filing fee to **December 31, 2024.** The failure to submit the fee by that deadline may result in dismissal of this action without prejudice and without prior notice.

**IT IS SO ORDERED**.

Dated December 17, 2024, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
