IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE RANDALL GARRISON,

    **Plaintiff,**

v.                            CASE NO. 24-3207-JWL

PAT KITCHENS, Chief of Police,
Leavenworth Police Department, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"). Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On December 17, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 12).

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff alleges that shortly after he was placed in custody at the LCJ he became aware that his 2004 Black Ford Fusion SE was stolen, and he did not receive a response from the Leavenworth Police Department ("LPD") when he filed several police reports. Plaintiff alleges that he was deprived of his property without due process and was discriminated against based on his status as an inmate at the LCJ. Plaintiff also alleges cruel and unusual punishment, arguing that hindering his ability to file a police report caused him to suffer "severe

anxiety, depression, mental anguish, resulting in the inability to provide transportation for his family to and from school and work." (Doc. 1, at 3.)

Plaintiff names as defendants: Pat Kitchens, Chief of Police, LPD; and the LPD. Plaintiff's request for relief seeks a preliminary and permanent injunction ordering Chief of Police Pat Kitchens and the LPD to start allowing LCJ inmates to file police reports while in custody. Plaintiff also seeks compensatory and punitive damages in the amount of $40,000, and a declaratory judgment in the amount of $15,000.

In his response to the MOSC, Plaintiff alleges that he was prevented from filing a police report due to incompetence and laziness. (Doc. 12, at 2.) He also states that he learned later that his vehicle was found on the side of the road and towed by LPD, and when his father contacted the tow lot, he was told that there was no report of the vehicle being stolen. *Id*. Plaintiff alleges that his father discovered that the tow lot forged title to the vehicle and sold it. *Id*. Plaintiff alleges that the Defendants' actions aided in the theft and deprivation of Plaintiff's property. *Id*.

The Court found in the MOSC that "a prisoner has no due process right to file a police report, or have prison officials file a police report on his behalf." *Ybarra v. Hayden*, 2018 WL 2086710, at *2 (N.D. Ind. 2018) (citations omitted); *see also Yhwhnewbn v. Leak*, 2012 WL 3061848, at *1 (N.D. Ill. 2012) ("However, the Constitution does not require defendants to comply with police department rules or procedures, give plaintiff an enforceable interest in Shannon's arrest or the accuracy of police reports or vest her with the right to obtain a police report.") (citations omitted).

In *Miller v. Kohls*, the pro se prisoner alleged that while he was incarcerated at the jail, he was denied the opportunity to file a police report regarding a theft that occurred at his residence. *Miller v. Kohls*, 2016 WL 51109, at *1 (N.D. Ind. 2016). The court in *Miller* held that

2

"individuals have no constitutional right to a police report for illegal conduct that has already transpired . . . [i]t has been long held that a private citizen lacks a cognizable interest in filing a police report." *Id*. at *2 (citations omitted).

In *Edris v. City of New York*, plaintiff asserted a § 1983 claim based on defendants' failure to investigate assaults on the plaintiff and thefts of his belongings. *Edris v. City of New York*, 2023 WL 4019515, at *2 (S.D.N.Y. 2023). The court held that "there is no constitutional right to an adequate investigation." *Id*. (citing *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021); *see Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) ("[W]e have no trouble concluding that plaintiffs do not have a protected property interest in an investigation into their son's death.")).

Plaintiff cites to no authority that would establish he has any constitutional right to file a police report. Furthermore, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. The Court noted in the MOSC that Plaintiff has a pending state court action based on these same claims.[1]

---

[1] On the same day that Plaintiff filed the instant action he also filed a state court action based on these same claims. *See Garrison v. Kitchens*, Case No. 2024-CV-000312 (filed November 19, 2024) (District Court of Leavenworth

Plaintiff also claims that he was discriminated against based on his status as an inmate at the LCJ. He argues that he is being treated differently than citizens who are not in custody because they are able to file police reports. The Court held in the MOSC that Plaintiff does not point to a policy or legislation and assumes that non-prisoners are able to file police reports while prisoners are not. For support, he merely asserts that he did not receive a response to his inquiries to the LPD. A plaintiff "who alleges [such] an equal protection violation has the burden of providing the existence of purposeful discrimination" causing an adverse effect. *Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021) (citations omitted). Plaintiff has failed to allege purposeful discrimination and has failed to state a plausible cause of action based on discrimination.

The Court also noted in the MOSC that courts have refused to find an equal protection violation where prisoners argue that they are being treated differently from non-prisoners. *See Scott v. Robertson*, 2019 WL 6341589, at *4 (N.D. Cal. 2019); *see also Gardenhire v. Schubert*, 205 F.3d 303, 320 (6th Cir. 2000) (holding that when plaintiffs attempted to make a police report "they were already criminal suspects, putting their comments in the 'suspect making an excuse' category—which police may choose to ignore, *see Criss,* 867 F.2d at 262,—rather than in the 'citizen making a complaint' category"); *Buckman v. Reherman*, 2021 WL 1168697, at *3 (S.D. W. Va. 2021) ("Prisoners are not similarly-situated to non-prisoners . . . [t]herefore, because Buckman is not similarly-situated to non-inmates, there is no equal protection violation based upon any disparity in treatment between the two groups.") (citation omitted).

The Court also found in the MOSC that Plaintiff failed to show that the LPD's failure to respond to his inquiry constituted cruel and unusual punishment. Plaintiff fails to establish

---

County, Kansas). The state court action remains pending.

deliberate indifference by any defendant, and in his response claims that the lack of a response to his police report was caused by laziness and incompetence.

Plaintiff names the LPD as a defendant. However, "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)). This Court has held that municipal police departments are subunits of city government and not legal entities subject to suit. *Roberts v. Unknown Wichita Police Officers*, 2019 WL 1790050, at *2 (D. Kan. April 24, 2019) (citations omitted). The Court found in the MOSC that Plaintiff is no longer housed at the LCJ and any request for injunctive relief for pretrial detainees housed there is moot.

Plaintiff's response fails to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated February 3, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE